IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:15-cr-40-K |
| | § | |
| JERRY WARE, | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jerry Ware's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), filed on June 24, 2025. (Doc. 109.) The government filed a response opposing the Court granting compassionate release. (Doc. 116.) Ware did not file a reply. Having considered all the relevant pleadings and applicable law, the Court finds Ware's motion should be DENIED.

### I.

Ware pled guilty to Counts Two and Four of a five-count indictment, using and carrying a firearm in relation to a crime of violence under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i) (second or subsequent), predicated on substantive Hobbs Act robberies. He was sentenced to 312 months' imprisonment— 84 months on Count Two to be followed by 228 months on Count Four. *See* (Doc. 76). Ware subsequently appealed to the Fifth Circuit Court of Appeals. On March 15, 2017, the Fifth Circuit dismissed his appeal as frivolous. *See* (Doc. 102).

Thereafter, Ware filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The § 2255 motion was denied on August 21, 2019. *See Ware v. United States,* 2019 WL 3947267, at *1–2 (N.D. Tex. Aug. 21, 2019).

On February 5, 2021, Ware filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 107). The court denied this motion on February 18, 2021 for failure to exhaust administrative remedies and on the merits. (Doc. 108). Specifically, the Court reasoned that Ware failed to identify extraordinary or compelling reasons for a sentence reduction through his ineffective assistance of counsel claims.

Ware filed the instant motion for compassionate release on June 24, 2025. (Doc. 109).

## II.

On December 21, 2018, while Ware was serving his sentence, Congress passed the First Step Act ("FSA"). *See* Pub. L. No. 115-391, 132 Stat. 5194. As is relevant here, Congress amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to eliminate stacking. *See id.*, § 403. After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C). However, the provision to eliminate stacking is not retroactive. *Id.*

2

In the present motion, the court interprets Ware as seeking modification of his sentence on Count 4, the second § 924(c) conviction, under § 3582(c)(1)(A)(i). The sole reason asserted by Ware to reduce his sentence is that his sentence is unusually long, there is a gross disparity between his sentence and the sentence that would be imposed today, and he has served more than ten years of the sentence.

The government opposes Ware's motion. As set forth below, the Court agrees that Ware has failed to present compelling reasons that justify a sentence reduction based on compassionate release under the circumstances of this case.

### III.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the FSA of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.' " *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see Chambliss*, 948 F.3d at 693 n.1.

And, if a defendant does proffer a reason for a reduction that the Court finds to be extraordinary and compelling, that alone is not a basis to reduce a sentence. The defendant still must convince the Court "to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors." *Ward v.*

*United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up; quoting *Shkambi*, 993 F.3d at 392); *see also United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *2 (5th Cir. Dec. 2, 2024) (per curiam) (Section 3553 factors "independently support the court's denial.").

### IV.

As a threshold matter, Ware asks that the court appoint him counsel to assist with his compassionate release motion. This request is DENIED.

Courts in this district have noted that "[t]he First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue." *E.g.*, *United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020), *aff'd*, 829 F. App'x 73 (5th Cir. 2020). However, the Fifth Circuit has found that there is "no constitutional right to appointed counsel for the purpose of bringing a § 3582(c)(2) motion." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). This has been interpreted and accepted by courts to "logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *See e.g.*, *United States v. Dirks*, No. 3:14-CR-0374-L-3, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020); *see also United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023) (per curiam) (finding no abuse of discretion when the district court denied a defendant's motion for appointed counsel under § 3582(c)(1)(A)).

Nonetheless, the Court has discretion to appoint counsel when it determines that the "interest of justice" requires it. *See Diaz,* 2023 WL 1879404, at *3. Here, Ware's motion presents straightforward issues regarding whether his circumstances constitute extraordinary and compelling reasons justifying compassionate release. *See United States v. Smith,* No. 3:18-CR-0482-B-5, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (finding the defendant was not entitled to appointed counsel because his claims were not legally or factually complex); *United States v. Wagner,* No. 4:18-CR-155(1), 2021 WL 2118420, at *2 (E.D. Tex. May 25, 2021) (same). Moreover, Ware's motion provides no support that appointing counsel would "benefit him or the court in addressing his motion." *See United States v. Johnson,* No. 9:10-CR-26, 2023 WL 2479595, at *2 (E.D. Tex. Mar. 10, 2023).

Accordingly, the court finds that Ware is not entitled to appointment of counsel.

## V.

Ware is not entitled to compassionate release.

A prisoner seeking compassionate release under § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson,* 27 F.4th 1088,

5

1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).

On November 1, 2023, the Sentencing Commission issued an amended policy statement setting forth non-exclusive circumstances that constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A). One such circumstance is an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13. As stated, this provision is the sole reason cited by Ware to reduce his sentence.

Before this policy statement was issued, however, the Fifth Circuit held that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023); *see also* *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) ("A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way" and therefore "is not an extraordinary or compelling

6

reason to reduce a prisoner's sentence." (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023))).

Recently addressing § 1B1.13(b)(6), the Fifth Circuit held that the Sentencing Commission "cannot make retroactive what Congress made non-retroactive" and " 'does not have the authority to amend' " the Fifth Circuit's prior construction of the statute. *Austin*, 125 F.4th at 692 (quoting *Neal v. United States*, 516 U.S. 284, 290 (1996)). Therefore, based on current Fifth Circuit precedent, Ware has not asserted an extraordinary and compelling reason to support his motion based on the First Step Act's sentencing change to § 924(c). *See id.*

To the extent that Ware argues for relief under § 1B1.13(b)(5)—namely, his rehabilitation efforts, coupled with the non-retroactive change to § 924(c)—the court concludes that they fail to establish extraordinary and compelling reasons for purposes of a sentence reduction under § 3582(c)(1)(A). The court acknowledges Ware's rehabilitation efforts, but rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). Moreover, Ware's post-sentencing institutional record identifies prison disciplinary infractions for possession of a dangerous weapon and, separately, amphetamines. Even considering his rehabilitation efforts, Ware's behavior does not support a commitment to rehabilitation and following the law.

Further, for the same reasons discussed in the court's denial of Ware's prior motion for a sentence reduction, the totality of the circumstances do not present

7

extraordinary and compelling reasons for a reduction of sentence, even in light of the sentencing change to § 924(c). *See* Doc. 108 at 1–2.

Even if Ware could establish extraordinary and compelling reasons for a sentence reduction, based on the record as a whole and after weighing the § 3553(a) sentencing factors, the court finds in its discretion that they do not support his request for a sentence reduction. *See United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020)* (noting that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).").

The nature, circumstances, and seriousness of Ware's offenses and his history and characteristics do not justify a reduced sentence. Reducing Ware's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes. *See United States v. Martinez, 832 F. App'x 906 (5th Cir. 2021)* (noting that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity[.]"). Moreover, the nature, circumstances, and gravity of his offenses, combined with the possession of firearms, as summarized in the presentence investigation report prepared in this case, demonstrate that Ware would be a danger to the community if released.

## VI.

Ware also raises arguments challenge his sentencing, including the effectiveness of his counsel at trial.

To the extent Ware's motion can be construed as challenging the legality of his sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)) And insofar as Ware seeks relief cognizable under § 2255, his claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-87 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court.") (citations omitted).

Accordingly, to the extent that Ware challenges the legality of his underlying sentence, the court will not consider this challenge in deciding his motion for compassionate release.

## VII.

For the foregoing reasons, Ware's motion for compassionate release (Doc. 109) is **DENIED**.

**SO ORDERED**.

February 23rd, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE